Thomas C. Coleman v. Commissioner.
Coleman v. Commissioner
Docket No. 48007.
United States Tax Court
T.C. Memo 1954-236; 1954 Tax Ct. Memo LEXIS 12; 13 T.C.M. (CCH) 1179; T.C.M. (RIA) 54342; December 27, 1954, Filed *12 Thomas C. Coleman, 3606 Woodruff Avenue, Louisville, Ky., pro se. Charles R. Hembree, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax for the taxable year 1949 in the amount of $100. The sole issue is whether the petitioner is entitled to an exemption credit for his wife, Minnie E. Coleman, for the year 1949. Findings of Fact Petitioner, a resident of Louisville, Kentucky, filed his individual income tax return for 1949 with the collector of internal revenue for the district of Kentucky, at Louisville. Petitioner, throughout the year 1949, was the husband of Minnie E. Coleman. During the taxable year the petitioner and his wife lived together for a period of approximately seven months. During the period January 1, 1949, to the end of March, the petitioner and his wife lived apart, and the latter resided with her daughter. During the period from March, 1949, to about October 15, the petitioner and his wife resided together at 3737 Kahlert Avenue. During this period the wife's son and daughter resided with them. The son paid the rent and the petitioner provided all the other *13 living and household expenses. About the middle of October the son purchased a new home. The petitioner lived with his wife at the new residence for about two weeks, when he left, and she continued to reside with her son. During the time the petitioner and his wife lived apart, the petitioner contributed only $10 to her support. On his individual return for 1949, the petitioner reported gross income from wages in the amount of $1,953.75 and claimed an exemption credit for his spouse. The respondent denied the claimed credit exemption. The petitioner's wife, during the year 1949, had no gross income of her own, and was not the dependent of another taxpayer. Opinion LEMIRE, Judge: The sole question presented is whether the petitioner is entitled to an exemption credit for his wife in the taxable year 1949. Section 25(b)(1)(A) of the Internal Revenue Code of 1939, applicable to the year in question, is set forth below. [1] The petitioner filed a separate return, and to be entitled to a spouse's exemption credit has the burden of establishing that his wife had no gross income and was not the dependent of another taxpayer. This record satisfies us that the petitioner has met the *14 statutory requirements, and we have so found as ultimate facts. We hold, therefore, that the petitioner is entitled to a spouse's exemption credit for the taxable year 1949. Decision will be entered for the petitioner. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: (A) An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer; * * *↩